UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Aymen Rajeh and Reem Rajeh, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| *Plaintiffs*, | **Case No.**_____ |
| vs. | **JURY TRIAL DEMANDED** |
| West Coast Servicing, Inc., | |
| *Defendant*. | |
| _____/ | |

**CLASS ACTION COMPLAINT**

1.  Plaintiffs Aymen Rajeh ("Aymen") and Reem Rajeh ("Reem"), (together "Plaintiffs"), through their attorneys, bring this action to challenge the unfair and illegal actions of West Coast Servicing, Inc. ("Defendant" or "WCS"), with regard to WCS' utter failure to provide monthly mortgage statements and a timely notice of servicing transfer to Plaintiffs and those similarly situated, resulting in violations of: (1) the Truth in Lending Act, 15 USC §§1601 *et seq*. ("TILA"); (2) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA"); and (3) the Real Estate Settlement and Procedures Act, 12 U.S.C. §§ 2601, *et seq*. ("RESPA").

2.  Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

3. While many violations are described below with specificity, this Complaint alleges violations of each statute cited in its entirety.

4. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

## NATURE OF THE ACTION

5. The Truth in Lending Act ("TILA") was created to protect consumers from inaccurate and unfair credit billing and credit card practices, by requiring, among other things, that lenders to provide consumers with information relating to their loans.[1]

6. TILA requires a loan servicer to provide consumers with monthly statements unless certain exceptions apply. *See* 12 CFR § 1026.41.

7. Indeed, under TILA, both the lender and the servicer of the loan are required to provide monthly statements unless the loan is actively in bankruptcy or is charged off. *See id*. Plaintiffs allege that Defendant is in violation of TILA by failing to provide monthly statements to Plaintiffs regarding their home mortgage loan.

8. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote FDCPA, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,

---

[1] *See* https://www.occ.treas.gov/topics/consumers-and-communities/consumer-protection/truth-in-lending/index-truth-in-lending.html (last visited Aug. 18, 2023).

and to promote consistent State action to protect consumers against debt collection abuses. Plaintiffs allege that Defendant violated the FDCPA.

9. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

10. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

11. Similarly, Congress found "that significant reforms in the real estate settlement process are needed to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a). To address this finding, Congress passed the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq*., ("RESPA") in 1974.

12. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulation. 12 U.S.C. § 2617.

13. Under, 12 CFR § 1024.33, "the transferor servicer shall provide the notice of transfer to the borrower not less than 15 days before the effective date of the transfer of the servicing of the mortgage loan." That section further states, "[t]he transferee servicer shall provide the notice of transfer to the borrower not more than 15 days after the effective date of the

transfer." Plaintiffs allege that Defendant is in violation of RESPA by failing to provide Plaintiffs with timely notice of the transfer of their mortgage.

## JURISDICTION AND VENUE

14. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiffs allege violations of federal law. *See* 12 U.S.C. § 2614; 15 U.S.C. §§ 1692, *et seq.;* 15 U.S.C. § 1640.

15. Because Defendant does business within the State of Massachusetts, personal jurisdiction is established.

16. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant conducts business within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiffs occurred within the State of Massachusetts, subjecting Defendant to jurisdiction in the State of Massachusetts.

## PARTIES

17. Plaintiffs are individuals (and natural persons, as that term is used in 15 U.S.C. § 1692, *et seq*.) residing in Saugus, Massachusetts.

18. Plaintiffs are each a person from whom a debt collector sought to collect a consumer debt, which was due and owing or alleged to be due and owing from Plaintiffs. Plaintiffs are each therefore a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

19. Upon information and belief, WCS is a California corporation, with its principal place of business located in Huntington Beach, California. WCS conducts business within the State of Massachusetts, including engaging in debt collection within the state.

20. WCS is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a debt collector as defined by 15 U.S.C. § 1692a(6).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from natural persons by reason of a consumer credit transaction.

**FACTS**

22. Sometime in or around August 31, 2006, Plaintiffs entered into a home mortgage with Country Wide Home Loans, Inc. for their residential property located in Saugus, Massachusetts (the "Loan ").

23. The Loan was a financial obligation incurred by Plaintiffs primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

24. Plaintiffs have resided at the residential property located in Saugus, Massachusetts since 2006, with no extended vacations.

25. From 2006 through 2013, Plaintiffs regularly kept up with their payments on the Loan.

26. Then sometime during 2013, Plaintiffs received a notice indicating that the Loan was discharged. As a result, Plaintiffs reasonably believed their obligations towards the Loan had ceased.

27. For nearly 10 years, Plaintiffs received no further communications regarding the Loan. During this time, Plaintiffs did not file for bankruptcy nor do Plaintiffs believe that the Loan was charged off.

28. The Loan was assigned, sold, and/or transferred from Veripro Solutions, Inc. to WCS on September 5, 2022. Under, 12 CFR § 1024.33, "[t]he transferee servicer shall provide the notice of transfer to the borrower not more than 15 days after the effective date of the transfer."

29. As a result, the deadline for WCS to provide Plaintiffs notice of the transfer was September 20, 2022.

30. In a letter dated October 7, 2022 (sent at least 32 days after the effective date of the transfer), WCS sent Plaintiffs a written communication indicating that the Loan is being sold, assigned, or transferred from Veripro Solutions, Inc. to WCS.

31. Then in early November of 2022, Plaintiffs received a letter dated November 4, 2022, from Marinosci Law Group ("MLG") concerning the Loan indicating that WCS is the "holder of the Note" executed by Plaintiffs on August 31, 2006, "in the original amount of $99,000.00."

32. The November 4, 2022 Letter from MLG further indicated that as of "November 11, 2022, the total payoff of the loan is $206,626.44."

33. Plaintiffs were shocked to receive this letter as they believed that the Loan was discharged in 2013.

34. Further, WCS never sent Plaintiffs any monthly statements concerning the Loan.

35. As a result of WCS' conduct alleged herein, Plaintiffs and others similarly situated consumers have been impacted by, and face continuing harm (including a material risk of harm to their interests) arising out of Defendant's violations and misconduct as alleged herein, including by preventing Plaintiffs and Class members from being able to make an intelligent and informed choice as to their alleged debts and any actions that should be taken to resolve the alleged debts.

## CLASS ALLEGATIONS

36. Plaintiffs bring this case as a Class Action pursuant to Fed. R. Civ. P. 23(b)(3) and/or (b)(2) on behalf of Plaintiffs and all others similarly situated.

37. Plaintiffs represent, and are members of, the TILA/FDPCA Class, pursuant to Fed. R. Civ. P. 23(b)(3), which is defined as follows:

> All persons within the United States who have or have had a mortgage loan with West Coast Servicing, Inc. and who within the one year from the filing of this Complaint did not receive at least one monthly mortgage statement while West Coast Servicing, Inc. was the loan servicer.

38. Plaintiffs represent, and are members of, the RESPA Class, pursuant to Fed. R. Civ. P. 23(b)(3) and/or (b)(2), which is defined as follows:

> All persons within the United States who have or have had a mortgage loan assigned, sold, and/or transferred to West Coast Servicing, Inc. and who within the one year from the filing of this Complaint did not receive a notice of transfer from West Coast Servicing, Inc. within 15 days after the effective date of the transfer.

39. The TILA/FDPCA Class and the RESPA Class are together referred to as the "Classes."

40. Plaintiffs represent and are members of the Classes because Plaintiffs' Loan was assigned, sold, and/or transferred to WCS and WCS failed to provide monthly mortgage statements and a timely notice of servicing transfer to Plaintiffs.

41. Excluded from the Classes are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

42. Plaintiffs do not presently know the number of members in the Classes, but Plaintiffs believe the members of the Classes to be in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

43. Plaintiffs and members of the Classes were harmed by the acts of WCS. At a minimum, Defendant's failure to provide monthly statements and timely notices of transfers, harmed Plaintiffs and those similarly situated as they were denied the ability to know the status of their loans and take any necessary actions regarding their debts.

44. This suit seeks only damages and relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.

45. Plaintiffs reserve the right to redefine the definitions of the Classes and to seek recovery on behalf of additional persons as warranted as additional facts are learned in further investigation and discovery.

46. The joinder of the members of the Classes is impractical and the disposition of their claims in the action will provide substantial benefits both to the parties and to the court.

47. The Classes can be identified through the business records of WCS.

48. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Classes predominate over questions which may affect individual members of the Classes, including, but not limited to, the following:

> a. Whether, within the one year prior to the filing of this Complaint, WCS failed to provide monthly statements to Plaintiffs and members of the TILA/FDCPA Class;

    b. Whether, within the one year prior to the filing of this Complaint, WCS failed to provide timely notices of transfer to Plaintiffs and members of the RESPA Class;

    c. Whether Plaintiffs and the Classes were damaged thereby, and the extent of damages for such violation;

    d. Whether Defendant's conduct violated the FDCPA;

    e. Whether Defendant's conduct violated TILA;

    f. Whether Defendant's conduct violated RESPA;

    g. Whether members of the TILA/FDCPA Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

    h. Whether Defendant can satisfy the bona fide error affirmative defense, assuming such an affirmative defense is raised.

49. As persons that did not receive monthly statements and/or received an untimely notice of transfer, Plaintiffs are asserting claims that are typical of the Classes. Plaintiffs will fairly and adequately represent and protect the interests of the Classes in that Plaintiffs have no interests antagonistic to any member of the Classes.

50. Plaintiffs and the members of the Classes have all suffered irreparable harm as a result of the WCS' unlawful and wrongful conduct. Absent a Class Action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and WCS will likely continue such illegal conduct. Because of the size of the Class member's claims, few, if any, the members of the Class could afford to seek legal redress for the wrongs complained of herein.

51. The illegal actions of WCS has, and continues to, competitively disadvantaged other debt collectors that refrain from using abusive debt collection practices.

52. Plaintiffs have retained counsel experienced in handling class action claims and claims involving consumer actions and violations of TILA, the FDCPA, and RESPA.

53. A Class Action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce WCS to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against WCS is small because the maximum statutory damages in an individual action for violation the statutes alleged herein are minimal, as for example, the collective maximum statutory damages for an individual action under the FDCPA is $1,000.

54. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

55. WCS has acted on grounds generally applicable to the Classes, thereby making appropriate final relief with respect to the Classes as a whole.

## CAUSES OF ACTION

**COUNT I
VIOLATIONS OF THE
TRUTH AND LENDING ACT ("TILA")
15 USC §§1601, *ET SEQ.*
[ON BEHALF OF PLAINTIFFS AND THE TILA/FDCPA CLASS]**

56. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

57. The Loan and those of class members are consumer credit transactions within the meaning of the TILA. *See* 15 USC § 1602.

58. TILA requires that lenders and servicers provide monthly statements unless a loan is in active bankruptcy or charged off. *See* 12 CFR § 1026.41.

59. Plaintiffs have not received any statements from Defendant on the Loan.

60. Plaintiffs do not believe the Loan was charged off nor have Plaintiffs filed for bankruptcy.

61. To the extent the Loan was charged off, Defendant has illegally accrued interest and other fees on the Loan for the duration the Loan was charged off.

62. However, if the Loan was not charged off (as Plaintiffs believe to be the case), Defendant has violated the monthly statement mandate under 12 CFR § 1026.41. *See also*, "Regulation Z Statutes" 12 CFR § 1026.7 (requirement to send monthly mortgage statements) and 12 CFR § 1026.5(b)(2) (charge off requires them to stop accruing fees and interest).

63. "A servicer of a transaction subject to this section shall provide the consumer, for each billing cycle a periodic statement . . ." *See* 12 C.F.R. § 1026.41(a)(2).

64. Further, 12 C.F.R. § 1026.41(b), requires that "[t]he periodic statement must be delivered or placed in the mail within a reasonably prompt time after the payment due date or the end of any courtesy period provided for the previous billing cycle."

65. Plaintiffs have not received any required periodic mortgage statements at any time, and Defendant has never sent periodic mortgage statement to Plaintiffs at any time.

66. Plaintiffs have also not opted out of their right to receive periodic statements for the Loan from Defendants.

67. The Loan is for a personal residence and not a time share as described in 12 C.F.R. § 1024.41(e)(2).

68. The Loan also is not a reverse mortgage as described in 12 C.F.R. § 1024.41(e)(1).

69. For each month that Defendant failed to provide a periodic mortgage statement to Plaintiffs, Defendant committed a clear, separate, distinct, and willful violation of 12 C.F.R. § 1026.41.

70. Defendant's actions and failures, and complete and utter lack of responsibility, together with the failures and actions noted herein, constitute a pattern and practice of behavior in conscious disregard for Plaintiffs' and Class members' rights under TILA. *See* 12 C.F.R. § 1026.

71. Plaintiffs and class members were denied the information in the periodic billing statements regarding their Loan. As a result, Plaintiffs and Class members were denied the ability to understand the terms, amounts owing, and balances under their Notes. Plaintiffs and class members were therefore prohibited as a direct result of Defendant's actions and failures from having sufficient information to perform their obligations under the terms of the loans.

72. At a minimum, Plaintiffs and Class members were unable to adequately be informed of their delinquency information related to their obligations under the Loan, were denied the ability to review their loss mitigation options regarding the Loan and denied their right to speak to a certified Housing counselor to assist them, whose information is required to be listed on every periodic billing statement.

73. As a result of the violations of 12 CFR § 1026.41, Plaintiffs and members of the TILA/FDCPA class are entitled to actual damages, costs and attorney's fees. 15 USC § 1640.

74. Further, since this is a class action Plaintiffs and members of the TILA/FDCPA class are also entitled to "such amount as the court may allow, except that as to each member of the class no minimum recovery shall be applicable, and . . . not [] more than the lesser of $1,000,000 or 1 per centum of the net worth of the creditor." *See id*.

## COUNT II
## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")
## 15 U.S.C. §§ 1692, *ET SEQ.*
## [ON BEHALF OF PLAINTIFFS AND THE TILA/FDCPA CLASS]

75. Plaintiffs repeat, re-allege, and incorporates by reference, all other paragraphs.

76. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

77. Defendant is a debt collector as defined by the FDCPA.

78. Under TILA (as noted in Count I above), both a lender and servicer are required to provide monthly statements unless a loan is in active bankruptcy or charged off. 12 CFR § 1026.41. Plaintiffs have not received any statements on their Loan for a number of years and have never received any statements on their Loan from Defendant.

79. Plaintiffs are unsure if the subject Loan was charged off. To the extent the Loan was charged off, Defendant has illegally accrued interest and other fees on the loan for the duration of the time the loan was charged off.

80. In the alternative, to the extent the Loan was not actually charged off, then Defendant has violated TILA's monthly statement mandate and is seeking to collect on a debt without providing adequate notice regarding the status of the debt.

81. The FDCPA prohibits a debt collector from making a false representation of the amount, character or status of a debt.

82. Pursuant to 15 U.S.C. 1692e, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." A false

representation of "the character, amount, or legal status of any debt" is a violation of the prohibition pursuant to 15 U.S.C. 1629e(2)(A).

83. Similarly, under 15 U.S.C. 1692f, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Under this subsection this includes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. 1692f(1).

84. To the extent the Loan was discharged, Defendant misrepresented the amount of the debt on the Loan by including interest and fees that Defendant is prohibited by TILA from collecting on the Plaintiffs' Loan and not permitted by law. Such conduct is in violation of at a minimum, 15 U.S.C. 1692e and 15 U.S.C. 1692f.

85. To the extent the Loan was never discharged, Defendant is in violation of 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt by failing to provide monthly statements.

86. As a result, Plaintiffs and the TILA/FDCPA Class seek an award of: (1) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (2) statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**COUNT III**
**VIOLATIONS OF THE**
**REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA")**
**12 U.S.C. §§ 2601, *ET SEQ.***
**[ON BEHALF OF PLAINTIFFS AND RESPA CLASS]**

87. Plaintiffs repeat, re-allege, and incorporates by reference, all other paragraphs.

88. Plaintiffs' Loan was at all times relevant a "federally related mortgage loan" as defined by 12 U.S.C. § 2602(1).

89. WCS is, and was at all times relevant, a loan "servicer" as defined by 12 C.F.R. § 1024.3.

90. Plaintiff and WCS are "persons" as defined by 12 U.S.C. § 2602(5).

91. Under, 12 CFR § 1024.33, "the transferor servicer shall provide the notice of transfer to the borrower not less than 15 days before the effective date of the transfer of the servicing of the mortgage loan." That section further states, "[t]he transferee servicer shall provide the notice of transfer to the borrower not more than 15 days after the effective date of the transfer."

92. Defendant is in violation of RESPA by failing to provide Plaintiffs with timely notice of the transfer of their mortgage.

93. Indeed, the Loan was assigned, sold, and/or transferred from Veripro Solutions, Inc. to WCS on September 5, 2022.

94. At least 32 days after the effective date of the transfer, WCS sent Plaintiffs a written communication dated October 7, 2022 indicating that the Loan was being sold, assigned, or transferred from Veripro Solutions, Inc. to WCS.

95. Plaintiffs are informed and believe that other similarly situated borrowers have received late transfer notices from WCS. This is sufficient to demonstrate a "pattern or practice" under RESPA.

96. As such, Defendant is liable for statutory damages in an amount of up to $2,000 per violation pursuant to 12 U.S.C. § 2605(f).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, pray for the following relief:

- That this action be certified as a Class Action on behalf of the Classes;

- That Plaintiffs be appointed as the representative of the Classes;

- That Plaintiffs' counsel be appointed as Class Counsel;

- An award of actual damages, statutory damages, costs and attorney's fees pursuant to 15 USC § 1640;

- An award of actual damages pursuant to 15 U.S.C § 1692k(a)(1);

- An award of statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(B) and/or the lesser of $500,000.00 or one percent (1%) of the net worth of the Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(B);

- An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

- Injunctive relief prohibiting such conduct in violations of RESPA complained of herein in the future;

- Statutory damages in an amount of $2,000 per violation to Plaintiff and to each member of the Class pursuant to 12 U.S.C. § 2605(f);

- An award of actual damages according to proof per violation to Plaintiff and to each member of the Class pursuant to 12 U.S.C. § 2605(f);

- An award of pre-judgment and post-judgment interest as permitted by law;

- Any and all other relief that this Court may deem just and proper;

## JURY DEMAND

Plaintiffs and Class Members hereby demand a trial by jury.

Dated: September 5, 2023　　　　　　　　　　　　　　　　Respectfully Submitted,

**SHIELD LAW**

By: _/s/ Nicola Yousif, Esq._
Nicola Yousif, Esq. (MA #679545)
nick@shieldlaw.com
Matthew A. McKenna, Esq. (MA #705644)
matt@shieldlaw.com
157 Belmont St.
Brockton, MA 02301
Email: nick@yousiflaw.com

Abbas Kazerounian, Esq. (*pro hac vice forthcoming*)
Pamela E. Prescott, Esq. (*pro hac vice forthcoming*)
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Email: ak@kazlg.com

*Counsel for Plaintiffs and the Classes*